Judge Berman

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

07 CV 4073

| | |
|---|---|
| **MORGAN FUNDING CORPORATION**<br>26 Journal Square, 9th Floor<br>Jersey City, NJ 07306<br><br>    Plaintiff,<br> v.<br><br>**MARIO H. FIGUEROA**<br>393 W. 49th Street<br>New York, NY 10019<br><br>and<br><br>**ACZEL RICO**<br>217 Hazen Ave, Apt 1E<br>New York, NY 10033<br><br>and<br><br>**JOHN BLOTT**<br>2075 Bradford Ave. Apt 1G,<br>Brooklyn, NY 11226<br><br>and<br><br>**DAMON CHAN**<br>83-13 Dongan Ave.<br>Elmhurst, NY 11373<br><br>and<br><br>**JOHN LEONE**<br>552 W. 163rd Street, Apt. 31<br>New York, NY 10032<br><br>and<br><br>**CHRISTOPHER NAYLOR**<br>10 Laurel Court<br>Highland Mills, NY 10930 | MAY 24 2007<br><br><br>Civil Action No. _____ |

|                                                    |   |
|----------------------------------------------------|---|
| and                                                | ) |
|                                                    | ) |
| **CHRISTOPHER VAN DYKE**                           | ) |
| 561 10th Ave.                                      | ) |
| New York, NY 10036                                 | ) |
|                                                    | ) |
| and                                                | ) |
|                                                    | ) |
| **CARLOS VILLAR**                                  | ) |
| 50 West Buchanan Place, Apt. 1A                    | ) |
| Bronx, NY 10453                                    | ) |
|                                                    | ) |
| and                                                | ) |
|                                                    | ) |
| **JAMES YIN**                                      | ) |
| 153 S. 74th Street                                 | ) |
| Brooklyn, NY 11228                                 | ) |
|                                                    | ) |
| and                                                | ) |
|                                                    | ) |
| **BENJAMIN YIP**                                   | ) |
| 58-18 206th Street                                 | ) |
| Bayside, NY 11364                                  | ) |
|                                                    | ) |
| and                                                | ) |
|                                                    | ) |
| **JONATHAN E. VERAS**                              | ) |
| 420 W. 42nd Street, #24H                           | ) |
| New York, NY 10036                                 | ) |
|                                                    | ) |
|                     Defendants.                    | ) |
|                                                    | ) |

## COMPLAINT

Plaintiff, Morgan Funding Corporation, by counsel, files this complaint against Defendants, and as grounds for relief states as follows:

### PARTIES

1.  Plaintiff Morgan Funding Corporation ("Morgan") is a New Jersey Corporation with a principal place of business at 26 Journal Square, 9th Floor, Jersey City, NJ 07306.

2

2. Upon information and belief, Defendant Mario H. Figueroa is a citizen and resident of New York State and is currently domiciled at 393 W. 49th Street, New York, NY 10019.

3. Upon information and belief, Defendant Aczel Rico is a citizen and resident of New York State and is currently domiciled at 217 Hazen Ave, Apt 1E, New York, NY 10033.

4. Upon information and belief, Defendant John Blott is a citizen and resident of New York State and is currently domiciled at 2075 Bradford Ave., Apt 1G, New York, NY 11226.

5. Upon information and belief, Defendant Damon Chan is a citizen and resident of New York State and is currently domiciled at 83-13 Dongan Ave., Elmhurst, NY 11373.

6. Upon information and belief, Defendant John Leone is a citizen and resident of New York State and is currently domiciled at 552 W. 163rd Street, Apt. 31, New York, NY 10032.

7. Upon information and belief, Defendant Christopher Naylor is a citizen and resident of New York State and is currently domiciled at 10 Laurel Court, Highland Mills, NY 10930.

8. Upon information and belief, Defendant Christopher Van Dyke is a citizen and resident of New York State and is currently domiciled at 561 10th Ave., New York, NY 10036.

9. Upon information and belief, Defendant Carlos Villar is a citizen and resident of New York State and is currently domiciled at 50 West Buchanan Place, Apt. 1A, Bronx, NY 10453.

10. Upon information and belief, Defendant James Yin is a citizen and resident of New York State and is currently domiciled at 153 S. 74th Street, Brooklyn, NY 11228.

11. Upon information and belief, Defendant Benjamin Yip is a citizen and resident of New York State and is currently domiciled at 58-18 206th Street, Bayside, NY 11364.

12. Upon information and belief, Defendant Jonathan E. Veras is a citizen and resident of New York State and is currently domiciled at 420 W. 42nd Street, #24H, New York, NY 10036.

## JURISDICTION AND VENUE

13. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of the parties and the amount in controversy exceeds $75,000. There is also federal question jurisdiction under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

14. Venue in this Court is proper under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this action occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

15. Morgan is engaged in the business of residential mortgage brokerage in New Jersey, New York, Florida and Connecticut. Morgan is a foreign business entity duly licensed to perform services in the State of New York.

16. At all times relevant, Morgan maintained and operated a branch office in New York located at 14 Wall Street, Suite 8A, New York, NY 10006 (the "New York Branch").

17. Morgan brokers various residential mortgages, including conventional fixed loans, adjustable rate mortgages, and reverse mortgages.

18. Morgan has developed a successful business model that includes sales methodologies, marketing techniques, client development strategies, strategic partnerships, loan programs designs and pricing practices. Morgan has established business relationships with key partners in the industry. Morgan makes reasonable efforts to maintain the confidentiality of its business model and relationships and protect it from disclosure to third parties.

19. Morgan has developed and maintains a confidential and proprietary list of clients, which includes their names, contact information, and various personal and financial data. Morgan uses this confidential and proprietary information to contact clients, develop business, and perform

services for the benefit of its clients. Morgan makes reasonable efforts to maintain the confidentiality of its client information and relationships and protect it from disclosure to third parties.

20.     As a part of its total business plan and future expansion initiatives, Morgan devoted a great deal of energy, manpower, company goodwill and economic capital into the development of the New York Branch office. The New York Branch became an important piece of the overall business model for Morgan as a company. Morgan maintains a lease at the premises that is still active and has not yet expired.

21.     Defendant Mario Figueroa ("Figueroa") provided services to Morgan during the relevant period as the Branch Manager of the New York Branch. In general, Branch Managers at Morgan are fiduciaries of the company and responsible for the day-to-day operation of the Branches. Figueroa had a fiduciary duty to Morgan to perform his work at the New York Branch in good faith and with the utmost fidelity and loyalty to the Company.

22.     As the Branch Manager, Figueroa was entrusted with and given access to, *inter alia,* the confidential, proprietary and trade secret information described in paragraphs 18 and 19. As part of his fiduciary duty and his duty of good faith and loyalty to Morgan, Figueroa was entrusted with and expected to protect the information from improper use and disclosure. Figueroa was to utilize the information and data solely for the benefit of Morgan.

23.     Defendants Aczel Rico ("Rico"), John Blott ("Blott"), Damon Chan ("Chan"), John Leone ("Leone"), Christopher Naylor ("Naylor"), Christopher Van Dyke ("Van Dyke"), Carlos Villar ("Villar"), James Yin ("Yin"), Benjamin Yip ("Yip"), and Jonathan E. Veras ("Veras") (collectively the "Loan Officers") all provided services to Morgan during the relevant period as Loan Officers for Morgan at the New York Branch.

5

24. Each Loan Officer at the New York Branch was given access to that confidential, proprietary and trade secret information which was necessary for the performance of his duties as a Loan Officer. Each Loan Officer owed to the Company a duty of good faith and loyalty, and the information shared with each Loan Officer was based upon the expectation that he would fulfill his obligations to Morgan.

25. During the course of their association with Morgan, Figueroa and the Loan Officers (collectively referred to as "Defendants") began planning a mass resignation maliciously designed to cripple the operations of the New York Branch and to enrich the Defendants at the expense of the Plaintiff. Defendants resigned from Morgan and abandoned their jobs on the same day in September 2006. This mass resignation had the practical effect of closing the New York Branch, as Morgan has not been able to re-establish a presence in New York.

26. Upon information and belief, Defendants contacted clients and prospective clients of Morgan during the course of their association with Morgan and before their mass resignation for the purpose of soliciting the clients to do business with a new entity to be formed by Defendants following the mass resignation from Morgan. Defendants contacted said clients and potential clients to enrich themselves and also for the malicious purpose of destroying Morgan's business in New York State and at the New York Branch.

27. Upon information and belief, during the course of their association with Morgan, Defendants began the unauthorized and unlawful copying of files and other confidential, proprietary and other trade secret information in an effort to divert clients, business models and other confidential, proprietary and trade secret information for their own use, both before and after their resignations. Such actions were taken to enrich the Defendants at Morgan's expense

and also with the malicious purpose of destroying Morgan's business in New York State and at the New York Branch.

28.  During the course of their association with Morgan, Defendants damaged and created loss to Morgan's protected computer equipment in an amount greater than five thousand dollars ($5,000). For example, Defendants wiped computers clean of data and otherwise erased, destroyed or corrupted data on protected computers.

29.  Following their abrupt resignation, Defendants removed copies and originals of Morgan's confidential, proprietary and trade secret information from Morgan without justification or authorization. Defendants destroyed other information and left the New York Office in shambles. Such actions were taken to enrich the Defendants at Morgan's expense and also with the malicious purpose of destroying Morgan's business in New York State and at the New York Branch.

30.  Upon information and belief, following their mass resignation, Defendants utilized Morgan's confidential, proprietary and trade secret information to continue to divert Morgan's clients and prospective clients from doing business with Morgan. Upon information and belief, the Defendants have combined to form a new business entity and/or are working for a competitor and sharing Morgan's information to their benefit and to the detriment of Morgan. Such actions were taken to enrich the Defendants at Morgan's expense and also with the malicious purpose of destroying Morgan's business in New York State and at the New York Branch.

## COUNT I: BREACH OF FIDUCIARY DUTY

### (Defendant Figueroa)

31. Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-30.

32. Defendant Figueroa provided services to Morgan as a Branch Manager in the New York Branch. As such, Figueroa was the senior most official in the office and was entrusted with the highest level of confidentiality and discretion. Figueroa owed a fiduciary duty to Morgan.

33. Figueroa breached his fiduciary duty to Morgan by orchestrating and participating in the mass resignation, the diversion of clients and prospective clients both before and after his resignation, the conversion of Morgan's confidential, proprietary and trade secret information, and the effective destruction of the New York Branch office.

34. Figueroa's actions were intentional, malicious, and without justification or privilege.

35. As a direct and proximate result of Figueroa's breach of fiduciary duty, Morgan has been damaged in an amount that will be proved at trial.

## COUNT II: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

### (Loan Officers)

36. Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-35.

37. The Loan Officers conspired with Figueroa to breach his fiduciary duty to Morgan by participating in the mass resignation, the diversion of clients and prospective clients both before and after their resignation, the conversion of Morgan's confidential, proprietary and trade secret information, and the effective destruction of the New York Branch office.

38. The Loan Officers' actions were intentional, malicious, and without justification or privilege.

39. As a direct and proximate result of the Loan Officers' aiding and abetting breach of fiduciary duty, Morgan has been damaged in an amount that will be proved at trial.

### COUNT III: BREACH OF DUTY OF GOOD FAITH AND LOYALTY

40. Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-39.

41. Defendants owed Morgan a duty of good faith and loyalty. Defendants breached that duty by utilizing the confidential, proprietary and trade secret information and data of Morgan to enrich themselves and to injure Morgan.

42. Defendants' actions were intentional, malicious, and without justification or privilege.

43. As a direct and proximate result of the Defendants' breaches, Morgan has been damaged in an amount that will be proved at trial.

### COUNT IV: MISAPPROPRIATION OF TRADE SECRETS

44. Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-43.

45. Morgan owns all rights and interests in its confidential and proprietary information, including that associated with its clients and prospective clients. At all times, Morgan took reasonable measures to protect from disclosure all confidential and proprietary information and trade secrets.

46. Upon information and belief, Defendants used Morgan's confidential and proprietary information and trade secrets for the exclusive benefit of the Defendants and to the detriment of Morgan both during and after their employment with Morgan.

47. Defendants' actions were intentional, malicious, and without justification or privilege.

48. As a direct and proximate result of the Defendants' actions, Morgan has been damaged in an amount that will be proved at trial.

## COUNT V: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

49. Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-48.

50. Morgan had a valid business expectancy in, and a reasonable expectation of economic advantage from, client and prospective clients of the New York Branch. This business expectancy results not only from current clients at the New York Branch, but it also extends to those clients reasonably expected to flow from the continued operation of the New York Branch and Morgan's exposure in the New York market.

51. Upon information and belief, Defendants utilized surreptitious and unlawful means to divert actual and prospective clients from Morgan both during and after their association with Morgan.

52. Upon information and belief, Defendants utilized Morgan's confidential, proprietary and trade secret information both for their own benefit and with the malicious purpose of destroying Morgan's current and potential business relationships in the State of New York. Defendants conducted this activity through misappropriation of trade secrets, breaches of fiduciary duty, conversion and other unlawful and independently tortuous activity.

53. Defendants' actions were intentional, malicious, and without justification or privilege.

54. As a direct and proximate result of the Defendants' actions, Morgan has been damaged in an amount that will be proved at trial.

## COUNT VI: UNFAIR COMPETITION

55. Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-54.

56. Upon information and belief, Defendants' use of deceptive and unscrupulous business practices to gain access to Morgan's confidential, proprietary and trade secret information gave them an unfair advantage over Morgan and constituted unfair competition.

57.   Defendants' mass resignation gave them an unfair advantage in the New York market and constituted unfair competition.

58.   Defendants' actions were intentional, malicious, and without justification or privilege.

59.   As a direct and proximate result of the Defendants' actions, Morgan has been damaged in an amount that will be proved at trial.

### COUNT VII: CONVERSION

60.   Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-59.

61.   Upon information and belief, Defendants' removed materials from Morgan's New York Branch without authorization or justification. This unlawful conversion was knowing, upon the assertion of dominion and control, and with the intent to deprive Morgan, the rightful owner, of possession, dominion and control.

62.   Defendants' actions were intentional, malicious, and without justification or privilege.

63.   As a direct and proximate result of Defendants' conversion, Morgan has been damaged in an amount that will be proved at trial.

### COUNT VIII: COMPUTER FRAUD AND ABUSE ACT

64.   Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-63.

65.   In furtherance of the scheme to enrich themselves at the expense of Morgan and to cripple the New York Branch, and prior to the Mass Resignation, the Defendants knowingly accessed protected computers at Morgan without or in excess of authority with the intent to inflict damage and created loss for Morgan and to profit thereby.

66.   The Defendants made printed and/or electronic copies of Morgan computer data, including source code, residing on Morgan computer systems and networks. Defendants also wiped clean protected computers using a wiping tool or other computer program

67.     The actions of the Defendants violated the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030.

68.     As a result of these violations, Morgan has suffered injury in excess of Five Thousand Dollars ($5000) within one year and is entitled to compensation for such injury under the CFAA.

### COUNT IX: UNJUST ENRICHMENT

69.     Morgan incorporates by reference, as if fully set forth herein, paragraphs 1-68.

70.     As a result of Defendants' actions, they were enriched. The enrichment was unjust and at Morgan's expense.

71.     Equity and good conscience militate against permitting Defendants to retain what Morgan is seeking to recover.

**WHEREFORE,** the Plaintiff Morgan Funding Corporation respectfully requests a judgment against the Defendants for:

A.     Actual damages for Defendant Figueroa's breach of fiduciary duty;

B.     Actual damages for the Loan Officers' aiding and abetting breach of fiduciary duty;

C.     Actual damages for Defendants' breach of duty of good faith and loyalty;

D.     Actual damages for Defendants' misappropriation of trade secrets;

E.     Actual damages for Defendants' tortious interference with business relations;

F.     Actual damages for Defendants' unfair competition;

G.     Actual damages for Defendants' conversion;

H.     Actual damages for Defendants' violation of the CFAA;

I.     Disgorgement of benefits and profits resulting from Defendants' unjust enrichment;

J.     Punitive damages;

K.  Attorneys' fees, costs and expenses;

L.  Such other and further relief as the Court may deem equitable, just and proper.

DATED this 24th day of May 2007.

Respectfully Submitted,

*[signature]*

Shaffin A. Datoo (SD-6929)
VENABLE LLP
The Chrysler Building
405 Lexington Avenue, 56th Floor
New York, New York 10174
Phone: (212) 307-5500
Fax: (212) 307-5598

*Counsel for Plaintiff*

13