575 7th Street, NW          Telephone 202-344-4000          www.venable.com
Washington, DC 20004        Facsimile 202-344-8300

October 16, 2007

**VIA FEDERAL EXPRESS**
The Honorable Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Morgan Funding Corp. v. Mario H. Figuerora, et al.*
              07-CV-4073-RMB

Dear Judge Berman:

      This firm represents Plaintiff Morgan Funding Corporation in the above-referenced matter. This letter is filed pursuant to the Court's order in open Court of October 10, 2007, directing counsel for the Plaintiff to address its motion for leave to add additional parties to this lawsuit. The Court directed the Plaintiff to file this letter motion by October 17, 2007, and to send a copy to all Defendants that have been served with process. The deadline for response to this letter is October 23, 2007.

      In addition, this letter shall serve as notice to all Defendants that the Plaintiff intends to seek a Default Judgment against Defendants John Leone, Jonathan E. Veras and Benjamin Yip for failure to file an answer or otherwise respond by following the individual default practices proscribed by this Court.

      The Plaintiff respectfully requests that this Court grant it leave to add two additional parties to this lawsuit as Defendants: Mario Figueroa and Robbins and Lloyd Mortgage Corporation, and as grounds for its motion states as follows:

**I.**      **Relevant Factual and Procedural Background**

      Plaintiff Morgan Funding Corporation ("Morgan") operates a mortgage brokerage business with a principal place of business in New Jersey. At some point prior to September 2006, Morgan opened a branch in New York City at 14 Wall Street, Suite 8A, New York, NY 10006 (the "New York Branch"). Morgan invested considerable resources in this business expansion, including entering into a lease arrangement (the "New York Lease") with the landlord at 14 Wall Street ("New York Landlord").

VENABLE LLP

At all times relevant, Mario Figueroa was the branch manager in charge of the day-to-day operations of the New York Branch. In September 2006, Mr. Figueroa and at least ten Morgan employees contemporaneously failed to report to work at the New York Branch, stole the existing business from Morgan, and effectively engineered the collapse of the New York Branch and most if not all of Morgan's business in New York City. On May 24, 2007, Morgan filed this lawsuit to address the damage inflicted by the Defendants.

Morgan has been occupied by two principle endeavors since it initiated this litigation – service of process and negotiations with the New York Landlord to recover property, computer information and other evidence critical to the pursuit of this action. Morgan has been sued by the landlord of the New York Lease, alleging that Morgan has breached its lease obligations. As a result of that litigation, Morgan has been effectively "locked out" of the premises and has been unable to recover the bulk of the material that will ultimately be necessary to proceed with the instant case. For example, the Plaintiff has not been in a position to participate in a Federal Rule 26(f) discovery conference with Defendants or to make the initial disclosures required by the Rule because it lacks access to the premises of the New York Branch and the files and other material that existed as of September 2006. Morgan represents that it is close to an arrangement with the New York Landlord to gain a measure of access to its information.

In addition, the Plaintiff has made continued attempts at service of process on all Defendants. In an attempt to serve the eleven defendants named in this action, Morgan has engaged the services of a private process server, United Process Service (UPS). Unfortunately, after diligent and repeated attempts at service, the Plaintiff was only able to serve five of the eleven original defendants. Indeed, this Court granted a continuance of the original July 13, 2007 initial pre-trial conference in order to permit the Plaintiff to attempt service on the remaining Defendants. As evidenced by affidavits attached hereto as Exhibit A, the Plaintiff successfully served Defendants Mario Figueroa, John Leone, Christopher Naylor, Jonathan Veras, and Benjamin Yip. Only Mr. Naylor has filed a timely answer or responsive pleading to the Complaint.

On or about July 20, 2007, Mario Figueroa was served at his place of employment, Robbins and Lloyd Mortgage Corporation. While Morgan has suspected that Mr. Figueroa and other Defendants left its employ to work together for another mortgage broker, it was not until July 2007, that Plaintiff was able to confirm that Mr. Figueroa indeed worked for Robbins and Lloyd Mortgage Corporation, a direct competitor of Morgan's in New York City. Morgan's intent as of July 2007 was to initiate contact and limited discovery with Mr. Figueroa in an attempt to further confirm his new employer's was in fact the employer whom he left Morgan Funding to join, and whether the other Defendants were likewise employed at its competitor. However, on that same day, July 20, 2007, Morgan received notice that Mr. Figueroa filed bankruptcy, and as such, Plaintiff has been precluded from pursuing discovery from Mr. Figueroa.

On or about August 7, 2007, Mr. Figueroa wrote this Court and requested to be dismissed from this action as a result of his bankruptcy filing and the associated automatic stay. Morgan

VENABLE LLP

responded to the letter and later submitted a voluntary dismissal without prejudice as to Mr. Figueroa that was entered by this Court on August 24, 2007.

However, it appears that Mr. Figueroa was less than forthright with the Court in his letter dated August 7, 2007. As evidenced by the filings from Mr. Figueroa's bankruptcy case attached hereto as Exhibit B, Mr. Figueroa had filed a voluntary motion to dismiss his bankruptcy case on July 9, 2007. An order granting the dismissal was entered on August 7, 2007, the very same day that Mr. Figueroa wrote this Court and requested that he be dismissed from the instant case. It is clear that Mr. Figueroa used his bankruptcy filing as a shield to liability, and it is clear that his letter to the Court was timed to take advantage to Morgan's lack of notice of the dismissal of his bankruptcy case.

**II.    Law and Argument**

There is good cause to grant Morgan's motion for leave to add two additional parties. First, Morgan seeks to return the status quo by re-inserting Mr. Figueroa back into this litigation. Mr. Figueroa duped Morgan and this Court into dismissing him from this litigation, and he should not be rewarded for his conduct. Morgan proffers to this Court that Mr. Figueroa will prove to be the linchpin of this entire conspiracy, and his involvement with the collapse of Morgan's business in New York City will be paramount.

In addition, Morgan seeks to add the business competitor with whom Mr. Figueroa and other Defendants conspired to steal Morgan's business in New York City. Mr. Figueroa and other Defendants needed a license under which to conduct business and reap the rewards of their conspiracy to pursue Morgan's business. While Morgan would have preferred to conduct some limited discovery with Mr. Figueroa to better plead its case against Robbins and Lloyd Mortgage Corporation, Morgan certainly has a good faith belief that Mr. Figueroa and others found a willing co-conspirator in Robbins and Lloyd Mortgage Corporation. Mr. Figueroa was recently served with process at this company and Morgan has a good faith belief that other Defendants followed him there to continue processing Morgan's loans for their own benefit as well as the benefit of Robbins and Lloyd Mortgage Corporation.

All of the legal and equitable factors favor granting Morgan's motion. A motion for leave to add additional parties should be granted absent bad faith or prejudice to another party. See Kaminsky v. Abrams, 41 F.R.D. 168, 171-172 (S.D.N.Y. 1966); Middle Atlantic Utilities Co., v. S.M.W. Development Corp., 392 F.2d 380, 385 (C.A.N.Y. 1968). In fact, absent bad faith, delay itself is not sufficient grounds to deny complete relief to a Plaintiff. Id. at 384. Morgan does not seek to prejudice any party by adding Mr. Figueroa and Robbins and Lloyd Mortgage Corporation. In fact, Morgan simply seeks to bring all Defendants involved in the conspiracy to steal its business before the Court.

There should be no undue delay as a result of the addition of these two parties. Morgan knows where to serve both parties, so service should not be a problem or cause any delay.

3

# VENABLE LLP

Discovery in this case ends January 15, 2008; therefore there is ample time for all parties to conduct discovery without need for extension. In short, there should be no additional effect on the deadlines set by the Court.

Moreover, if the Plaintiff's motion is denied, it will be forced to sue Mr. Figueroa and Robbins and Lloyd Mortgage Corporation in a separate action on the same facts – that is a waste of judicial resources. The existing Defendants in this lawsuit may very well be placed in the position of having to move to join Mr. Figueroa and Robbins and Lloyd Mortgage Corporation in order to afford them potential defenses.

For the foregoing reasons, the Plaintiff Morgan Funding Corporation respectfully requests that this Court grant it leave until October 30, 2007, to add additional Defendants Mario Figueroa and Robbins and Lloyd Mortgage Corporation. Thank you for your time and consideration.

Respectfully submitted,

James E. Fagan, III, *pro hac vice*

cc: Christopher Naylor, pro se (via federal express)
John Leone (via federal express)
Jonathan E. Veras (via federal express)
Benjamin Yip (via federal express)
Mario Figueroa (via federal express)

Case 1:07-cv-04073-RMB     Document 19     Filed 10/16/2007     Page 5 of 20
# EXHIBIT A

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK    Attorney: VENABLE LLP

MORGAN FUNDING CORPORATION

                                              Plaintiff(s)

                  - against -

MARIO H. FIGUEROA, ETAL

                                              Defendant(s)

Index # 07 CV 4073 (BERMAN)

Purchased May 24, 2007

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

MICHAEL HARRIS BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on June 7, 2007 at 07:00 PM at

552 W. 163RD STREET, APT. 31
NEW YORK, NY 10032

deponent served the within SUMMONS AND COMPLAINT on JOHN LEONE therein named,

**AFFIXING TO DOOR**     by affixing a true copy of each to the door of said premises, which is the Defendant's dwelling house/usual place of abode within the state. Deponent was unable, with due diligence to find the Defendant or a person of suitable age and discretion, thereat, having called there on:

        June 6, 2007 AT 7:30 AM                 June 5, 2007 AT 11:35 AM
        June 7, 2007 AT 7:00 PM

**MAILING**     Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Defendant at the Defendant's last known residence at

552 W. 163RD STREET, APT. 31
NEW YORK, NY 10032

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on June 11, 2007 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

**MILITARY SERVICE**     Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

SPOKE TO A FEMALE BEHIND THE DOOR OF APT. 31 WHO REFUSED ACCESS AND SERVICE.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on: June 11, 2007

| JOEL GRABER | MICHAEL SMITH | JONATHAN GRABER | MICHAEL HARRIS |
|---|---|---|---|
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York | License #. 1077447 |
| No. 02GR4699723 | No. 01SM4997428 | No. 01GR6156780 | Invoice #: 441803 |
| Qualified in New York County | Qualified in New York County | Qualified in New York County | |
| Comm. Expires February 10, 2010 | Comm. Expires June 8, 2010 | Comm. Expires December 4, 2010 | |

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007 - (212) 619-0728

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK   Attorney: VENABLE LLP

MORGAN FUNDING CORPORATION

Plaintiff(s)

Index # 07 CV 4073 (BERMAN)

- against -

Purchased May 24, 2007

MARIO H. FIGUEROA, ETAL

Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

ELIZABETH BENNET BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on June 8, 2007 at 01:23 PM at

10 LAUREL COURT
PRIVATE HOUSE
HIGHLAND MILLS, NY 10930

deponent served the within SUMMONS AND COMPLAINT on CHRISTOPHER NAYLOR therein named,

**AFFIXING TO DOOR**  by affixing a true copy of each to the door of said premises, which is the Defendant's dwelling house/usual place of abode within the state. Deponent was unable, with due diligence to find the Defendant or a person of suitable age and discretion, thereat, having called there on:

June 5, 2007  AT  7:51 PM       June 7, 2007  AT  7:57 AM
June 8, 2007  AT  1:23 PM

**MAILING**  Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Defendant at the Defendant's last known residence at

10 LAUREL COURT
HIGHLAND MILLS, NY 10930

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on June 12, 2007 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

Spoke with MR. COLLINS, NEIGHBOR at 13 LAUREL COURT HIGHLAND MILLS, NY who stated that the Defendant lives at the afforementioned address but was unable to divulge the Defendant's place of employment.

**MILITARY SERVICE**  Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on: June 12, 2007

| JOEL GRABER | MICHAEL SMITH | JONATHAN GRABER |
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York |
| No. 02GR4699723 | No. 01SM4987428 | No. 01GR6156780 |
| Qualified in New York County | Qualified in New York County | Qualified in New York County |
| Comm. Expires February 10, 2010 | Comm. Expires June 8, 2010 | Comm. Expires December 4, 2010 |

ELIZABETH BENNET

Invoice #: 441805

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007 - (212) 619-0728

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK   Attorney: VENABLE LLP

MORGAN FUNDING CORPORATION

Plaintiff(s)

- against -

Index # 07 CV 4073 (BERMAN)

MARIO H. FIGUEROA, ETAL

Purchased May 24, 2007

Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

BARRY F. GERMAN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on June 6, 2007 at 12:55 PM at

420 W. 42ND STREET, #24H
NEW YORK, NY 10036

deponent served the within SUMMONS AND COMPLAINT on JONATHAN E. VERAS therein named.

**INDIVIDUAL**  by delivering a true copy of each to said Defendant personally; deponent knew the person so served to be the person described as the Defendant therein and he identified himself as such.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | BALD | 35 | 5'10 | 190 |

**MILITARY SERVICE**  Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on: June 7, 2007

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2010

MICHAEL SMITH
Notary Public, State of New York
No. 01SM6097428
Qualified in New York County
Comm. Expires June 8, 2010

JONATHAN GRABER
Notary Public, State of New York
No. 01GR6156780
Qualified in New York County
Comm. Expires December 4, 2010

BARRY F. GERMAN
License #: 982866
Invoice #: 441810

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007 - (212) 619-0728

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK   Attorney: VENABLE LLP

MORGAN FUNDING CORPORATION

Plaintiff(s)

- against -

MARIO H. FIGUEROA, ETAL

Defendant(s)

Index # 07 CV 4073 (BERMAN)

Purchased May 24, 2007

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

LINDEN BLACKMAN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on June 8, 2007 at 10:18 AM at

58-18 206TH STREET
PRIVATE HOUSE
BAYSIDE, NY 11364

deponent served the within SUMMONS AND COMPLAINT on BENJAMIN YIP therein named,

**SUITABLE AGE** by delivering thereat a true copy of each to ZONG LIM a person of suitable age and discretion. Said premises is Defendant's dwelling house within the state. He identified himself as the CO-TENANT of the Defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | YELLOW | BLACK | 41 | 5'7 | 150 |

**MAILING** Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Defendant at the Defendant's last known residence at

58-18 206TH STREET
BAYSIDE, NY 11364

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on June 12, 2007 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

**MILITARY SERVICE** Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on: June 12, 2007

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2010

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2010

JONATHAN GRABER
Notary Public, State of New York
No. 01GR6156780
Qualified in New York County
Comm. Expires December 4, 2010

LINDEN BLACKMAN
License #: 871311
Invoice #: 441801

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007 - (212) 619-0728

UNITED STATES DISTRICT COURT/SOUTHERN DISTRICT OF NEW YORK    Attorney: VENABLE LLP

MORGAN FUNDING CORPORATION

Plaintiff(s)

Index # 07 CV 4073 (BERMAN)

- against -

Purchased May 24, 2007

MARIO H. FIGUEROA, ETAL

Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

BARRY F. GERMAN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 20, 2007 at 09:45 AM at

C/O ROBBINS & LLOYD MORTGAGE
347 5TH AVENUE, ROOM 1508
NEW YORK, NY

deponent served the within SUMMONS AND COMPLAINT on MARIO H. FIGUEROA therein named,

**SUITABLE AGE**  by delivering thereat a true copy of each to "JOHN SMITH" a person of suitable age and discretion. Said premises is Defendant's actual place of business within the state. He identified himself as the CO-WORKER of the Defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | BLONDE | 40 | 5'10 | 240 |

**MAILING**  Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Defendant at the Defendant's actual place of business at

C/O ROBBINS & LLOYD MORTGAGE
347 5TH AVENUE, ROOM 1508
NEW YORK, NY

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on July 20, 2007 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

PERSON SPOKEN TO REFUSED TO STATE TRUE FIRST AND/OR LAST NAMES

**MILITARY SERVICE**  Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on: July 20, 2007

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Comm. Expires February 10, 2010

MICHAEL SMITH
Notary Public, State of New York
No. 01SM4997428
Qualified in New York County
Comm. Expires June 8, 2010

JONATHAN GRABER
Notary Public, State of New York
No. 01GR6156780
Qualified in New York County
Comm. Expires December 4, 2010

BARRY F. GERMAN
License #: 982866
Invoice #: 441806

UNITED PROCESS SERVICE, INC, 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007 - (212) 619-0728

# EXHIBIT B

**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Mary Ellen Tully (MT3306)
*Counsel for Debtor*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HEBER MARIO FIGUEROA,<br><br>Debtor. | Case No. 07-19071 (RG)<br><br>Chapter 7 |

### NOTICE OF MOTION TO DISMISS DEBTOR'S CHAPTER 7 CASE
### PURSUANT TO 11 U.S.C. § 707

**PLEASE TAKE NOTICE** that on July 30, 2007 at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Heber Mario Figueroa ("Debtor"), shall appear before the Honorable Rosemary Gambardella, United States Bankruptcy Judge, at the Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New Jersey, and seek an Order of the Court authorizing the Debtor to dismiss his Chapter 7 case pursuant to 11 U.S.C. § 707.

**PLEASE TAKE FURTHER NOTICE** that in support of the Debtor's motion, the undersigned shall rely on the Application and proposed form of Order submitted simultaneously herewith.

**PLEASE TAKE FURTHER NOTICE** that pursuant to D.N.J. LBR 9013-2, no brief is being submitted as the relief requested by the Debtor is fully set forth in the supporting Application.

**PLEASE TAKE FURTHER NOTICE** that oral argument is waived pursuant to D.N.J. LBR 9013-1(f).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested by the Debtor shall: (i) be in writing; (ii) specify with particularity the basis of such objection; and (iii) be filed with the Clerk of the Bankruptcy Court, and simultaneously served on counsel for the Debtor, Rabinowitz, Lubetkin & Tully, L.L.C., 293 Eisenhower Parkway, Suite 11, Livingston, New Jersey 07052 (Attention: Mary Ellen Tully, Esq.), so as to be received by no later than seven (7) days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is timely filed and served, the motion shall be deemed uncontested in accordance with D.N.J. LBR 9013-1(a) and the requested relief may be granted without a hearing.

RABINOWITZ, LUBETKIN & TULLY, L.L.C.
Attorneys for Debtor, Heber Mario Figueroa

By: _____
MARY ELLEN TULLY

DATED: July 9, 2007

F:\Client_Files\A-M\Figueroa, Mario\NOM - Dismissal.doc

**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Mary Ellen Tully (MT3306)
*Counsel for Debtor*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>H. MARIO FIGUEROA,<br><br>Debtor. | Case No. 07-19071 (RG)<br><br>Chapter 7 |

### APPLICATION OF MARIO H. FIGUEROA SEEKING VOLUNTARY DISMISSAL OF HIS CHAPTER 7 CASE

1.  On June 28, 2007, H. Mario Figueroa (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code with this Court.

2.  On Page 2 of his Chapter 7 Petition, the Debtor disclosed that he had filed a prior petition under Chapter 7 on September 8, 1999.

3.  On June 29, 2007, the Debtor received a notice from the Court advising that the Debtor is ineligible for a discharge given his prior Chapter 7 filing. The Court scheduled a hearing date on this issue for August 7, 2007, to the extent an objection to same was filed.

4.  Pursuant to 11 U.S.C. § 727(a)(8), a debtor is ineligible for a discharge if the debtor was granted a prior discharge in a case commenced within 8 years of the current petition date.

5.  Presently, the Debtor seeks to voluntarily dismiss his Chapter 7 case pursuant to 11 U.S.C. § 707. See In re Mathis Insurance Agency, Inc., 50 B.R. 488 (Bankr. W.D. AK 1985 (although not specifically provided for in Bankruptcy Code Section [11 U.S.C.A. § 707], a

debtor can move for dismissal of a voluntarily filed case under Chapter 7); see also, In re Williams, 15 B.R. 655 (E.D. Miss. 1981).

5. The Debtor submits that under the circumstances of this case, creditors would not be prejudiced by such a dismissal because the Debtor has no real property or non-exempt assets available for distribution to creditors.

6. Further, given the early stages of this case, to date, little or no administration of Debtor's case has occurred.

**WHEREFORE,** the Debtor respectfully requests entry of an Order voluntarily dismissing his Chapter 7 case.

RABINOWITZ, LUBETKIN & TULLY, L.L.C.
Counsel for Debtor, H. Mario Figueroa

By: /s/ Mary Ellen Tully
Mary Ellen Tully

Dated: July 9, 2007

F:\Client_Files\A-M\Figueroa, Mario\APP-Dismissal.doc

**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Mary Ellen Tully (MT3306)
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HEBER MARIO FIGUEROA,<br><br>Debtor. | Case No. 07-19071 (RG)<br><br>Chapter 7 |

### NOTICE OF MOTION TO DISMISS DEBTOR'S CHAPTER 7 CASE
### PURSUANT TO 11 U.S.C. § 707

**PLEASE TAKE NOTICE** that on July 30, 2007 at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Heber Mario Figueroa ("Debtor"), shall appear before the Honorable Rosemary Gambardella, United States Bankruptcy Judge, at the Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New Jersey, and seek an Order of the Court authorizing the Debtor to dismiss his Chapter 7 case pursuant to 11 U.S.C. § 707.

**PLEASE TAKE FURTHER NOTICE** that in support of the Debtor's motion, the undersigned shall rely on the Application and proposed form of Order submitted simultaneously herewith.

**PLEASE TAKE FURTHER NOTICE** that pursuant to D.N.J. LBR 9013-2, no brief is being submitted as the relief requested by the Debtor is fully set forth in the supporting Application.

**PLEASE TAKE FURTHER NOTICE** that oral argument is waived pursuant to D.N.J. LBR 9013-1(f).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested by the Debtor shall: (i) be in writing; (ii) specify with particularity the basis of such objection; and (iii) be filed with the Clerk of the Bankruptcy Court, and simultaneously served on counsel for the Debtor, Rabinowitz, Lubetkin & Tully, L.L.C., 293 Eisenhower Parkway, Suite 11, Livingston, New Jersey 07052 (Attention: Mary Ellen Tully, Esq.), so as to be received by no later than seven (7) days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is timely filed and served, the motion shall be deemed uncontested in accordance with D.N.J. LBR 9013-1(a) and the requested relief may be granted without a hearing.

RABINOWITZ, LUBETKIN & TULLY, L.L.C.
Attorneys for Debtor, Heber Mario Figueroa

By: /s/ Mary Ellen Tully
MARY ELLEN TULLY

DATED:  July 9, 2007

F:\Client_Files\A-M\Figueroa, Mario\NOM - Dismissal.doc

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Mary Ellen Tully (MT3306)
*Counsel for Debtor*



In re:

HEBER MARIO FIGUEROA,

Debtor.

Case No. 07-19071 (RG)

Chapter 7

### ORDER GRANTING DEBTOR'S REQUEST TO VOLUNTARILY DISMISS CHAPTER 7 PETITION

The relief set forth on the following page, numbered two (2), is hereby ORDERED

8-7-07    USBJ

(Page 2)

Debtor:         Heber Mario Figueroa
Case No.:       07-19071
Caption of Order:   Order Granting Debtor's Request to Voluntarily Dismiss Chapter 7 Petition

**THIS MATTER** having been opened to the Court by H. Mario Figueroa (the "Debtor"), by and through his counsel, and having filed an Application herewith seeking to voluntarily dismiss his Chapter 7 case; and the Court having considered the Application and any filed responses or objections thereto; it is hereby

**ORDERED** that the Debtor's Voluntary Chapter 7 case be and hereby is dismissed without prejudice.

F:\Client_Files\A-M\Figueroa, Mario\ORD - Dismissal.doc

Form 177 – fnldec

## UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

Case No.: 07-19071-RG
Chapter: 7
Judge: Rosemary Gambardella

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Heber Mario Figueroa
140 S Prospect Ave
Hackensack, NJ 07601

Social Security No.:
xxx-xx-3488

Employer's Tax I.D. No.:

## FINAL DECREE

The estate of the above named debtor(s) has been fully administered.

If this case is a Chapter 11 or 13, the deposit required by the plan will be distributed, and it is

ORDERED that Nicholas J. Delzotti is discharged as trustee of the estate of the above named debtor(s) and the bond is canceled; and the case of the above named debtor(s) is closed.

Dated: August 20, 2007          Rosemary Gambardella
                                Judge, United States Bankruptcy Court