**VENABLE**®LLP   575 7th Street, NW   Telephone 202-344-4000   www.venable.com
Washington, DC 20004   Facsimile 202-344-8300


RECEIVED OCT 17 2007 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

October 16, 2007

**VIA FEDERAL EXPRESS**
The Honorable Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Morgan Funding Corp.*
07-CV-4073-RMB

MEMO ENDORSED

Application to Amend complaint granted to add 2 additional parties. See FRCP 15(a); Brown v. Kelly, 244 FRD 222 (SDNY 2007). Amended compl to be filed forthwith, i.e. by 10/30/07.

SO ORDERED:
Date: 10/22/07   /s/ Richard M. Berman
Richard M. Berman, U.S.D.J.

Dear Judge Berman:

This firm represents Plaintiff Morgan Funding Corporation in the above-referenced matter. This letter is filed pursuant to the Court's order in open Court of October 10, 2007, directing counsel for the Plaintiff to address its motion for leave to add additional parties to this lawsuit. The Court directed the Plaintiff to file this letter motion by October 17, 2007, and to send a copy to all Defendants that have been served with process. The deadline for response to this letter is October 23, 2007.

In addition, this letter shall serve as notice to all Defendants that the Plaintiff intends to seek a Default Judgment against Defendants John Leone, Jonathan E. Veras and Benjamin Yip for failure to file an answer or otherwise respond by following the individual default practices proscribed by this Court.

The Plaintiff respectfully requests that this Court grant it leave to add two additional parties to this lawsuit as Defendants: Mario Figueroa and Robbins and Lloyd Mortgage Corporation, and as grounds for its motion states as follows:

**1.    Relevant Factual and Procedural Background**

Plaintiff Morgan Funding Corporation ("Morgan") operates a mortgage brokerage business with a principal place of business in New Jersey. At some point prior to September 2006, Morgan opened a branch in New York City at 14 Wall Street, Suite 8A, New York, NY 10006 (the "New York Branch"). Morgan invested considerable resources in this business expansion, including entering into a lease arrangement (the "New York Lease") with the landlord at 14 Wall Street ("New York Landlord").

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2007

1

# VENABLE® LLP

At all times relevant, Mario Figueroa was the branch manager in charge of the day-to-day operations of the New York Branch. In September 2006, Mr. Figueroa and at least ten Morgan employees contemporaneously failed to report to work at the New York Branch, stole the existing business from Morgan, and effectively engineered the collapse of the New York Branch and most if not all of Morgan's business in New York City. On May 24, 2007, Morgan filed this lawsuit to address the damage inflicted by the Defendants.

Morgan has been occupied by two principle endeavors since it initiated this litigation – service of process and negotiations with the New York Landlord to recover property, computer information and other evidence critical to the pursuit of this action. Morgan has been sued by the landlord of the New York Lease, alleging that Morgan has breached its lease obligations. As a result of that litigation, Morgan has been effectively "locked out" of the premises and has been unable to recover the bulk of the material that will ultimately be necessary to proceed with the instant case. For example, the Plaintiff has not been in a position to participate in a Federal Rule 26(f) discovery conference with Defendants or to make the initial disclosures required by the Rule because it lacks access to the premises of the New York Branch and the files and other material that existed as of September 2006. Morgan represents that it is close to an arrangement with the New York Landlord to gain a measure of access to its information.

In addition, the Plaintiff has made continued attempts at service of process on all Defendants. In an attempt to serve the eleven defendants named in this action, Morgan has engaged the services of a private process server, United Process Service (UPS). Unfortunately, after diligent and repeated attempts at service, the Plaintiff was only able to serve five of the eleven original defendants. Indeed, this Court granted a continuance of the original July 13, 2007 initial pre-trial conference in order to permit the Plaintiff to attempt service on the remaining Defendants. As evidenced by affidavits attached hereto as Exhibit A, the Plaintiff successfully served Defendants Mario Figueroa, John Leone, Christopher Naylor, Jonathan Veras, and Benjamin Yip. Only Mr. Naylor has filed a timely answer or responsive pleading to the Complaint.

On or about July 20, 2007, Mario Figueroa was served at his place of employment, Robbins and Lloyd Mortgage Corporation. While Morgan has suspected that Mr. Figueroa and other Defendants left its employ to work together for another mortgage broker, it was not until July 2007, that Plaintiff was able to confirm that Mr. Figueroa indeed worked for Robbins and Lloyd Mortgage Corporation, a direct competitor of Morgan's in New York City. Morgan's intent as of July 2007 was to initiate contact and limited discovery with Mr. Figueroa in an attempt to further confirm his new employer's was in fact the employer whom he left Morgan Funding to join, and whether the other Defendants were likewise employed at its competitor. However, on that same day, July 20, 2007, Morgan received notice that Mr. Figueroa filed bankruptcy, and as such, Plaintiff has been precluded from pursuing discovery from Mr. Figueroa.

On or about August 7, 2007, Mr. Figueroa wrote this Court and requested to be dismissed from this action as a result of his bankruptcy filing and the associated automatic stay. Morgan

**VENABLE** LLP

responded to the letter and later submitted a voluntary dismissal without prejudice as to Mr. Figueroa that was entered by this Court on August 24, 2007.

However, it appears that Mr. Figueroa was less than forthright with the Court in his letter dated August 7, 2007. As evidenced by the filings from Mr. Figueroa's bankruptcy case attached hereto as Exhibit B, Mr. Figueroa had filed a voluntary motion to dismiss his bankruptcy case on July 9, 2007. An order granting the dismissal was entered on August 7, 2007, the very same day that Mr. Figueroa wrote this Court and requested that he be dismissed from the instant case. It is clear that Mr. Figueroa used his bankruptcy filing as a shield to liability, and it is clear that his letter to the Court was timed to take advantage to Morgan's lack of notice of the dismissal of his bankruptcy case.

**II.    Law and Argument**

There is good cause to grant Morgan's motion for leave to add two additional parties. First, Morgan seeks to return the status quo by re-inserting Mr. Figueroa back into this litigation. Mr. Figueroa duped Morgan and this Court into dismissing him from this litigation, and he should not be rewarded for his conduct. Morgan proffers to this Court that Mr. Figueroa will prove to be the linchpin of this entire conspiracy, and his involvement with the collapse of Morgan's business in New York City will be paramount.

In addition, Morgan seeks to add the business competitor with whom Mr. Figueroa and other Defendants conspired to steal Morgan's business in New York City. Mr. Figueroa and other Defendants needed a license under which to conduct business and reap the rewards of their conspiracy to pursue Morgan's business. While Morgan would have preferred to conduct some limited discovery with Mr. Figueroa to better plead its case against Robbins and Lloyd Mortgage Corporation, Morgan certainly has a good faith belief that Mr. Figueroa and others found a willing co-conspirator in Robbins and Lloyd Mortgage Corporation. Mr. Figueroa was recently served with process at this company and Morgan has a good faith belief that other Defendants followed him there to continue processing Morgan's loans for their own benefit as well as the benefit of Robbins and Lloyd Mortgage Corporation.

All of the legal and equitable factors favor granting Morgan's motion. A motion for leave to add additional parties should be granted absent bad faith or prejudice to another party. See Kaminsky v. Abrams, 41 F.R.D. 168, 171-172 (S.D.N.Y. 1966); Middle Atlantic Utilities Co., v. S.M.W. Development Corp., 392 F.2d 380, 385 (C.A.N.Y. 1968). In fact, absent bad faith, delay itself is not sufficient grounds to deny complete relief to a Plaintiff. Id. at 384. Morgan does not seek to prejudice any party by adding Mr. Figueroa and Robbins and Lloyd Mortgage Corporation. In fact, Morgan simply seeks to bring all Defendants involved in the conspiracy to steal its business before the Court.

There should be no undue delay as a result of the addition of these two parties. Morgan knows where to serve both parties, so service should not be a problem or cause any delay.

# VENABLE LLP

Discovery in this case ends January 15, 2008; therefore there is ample time for all parties to conduct discovery without need for extension. In short, there should be no additional effect on the deadlines set by the Court.

Moreover, if the Plaintiff's motion is denied, it will be forced to sue Mr. Figueroa and Robbins and Lloyd Mortgage Corporation in a separate action on the same facts – that is a waste of judicial resources. The existing Defendants in this lawsuit may very well be placed in the position of having to move to join Mr. Figueroa and Robbins and Lloyd Mortgage Corporation in order to afford them potential defenses.

For the foregoing reasons, the Plaintiff Morgan Funding Corporation respectfully requests that this Court grant it leave until October 30, 2007, to add additional Defendants Mario Figueroa and Robbins and Lloyd Mortgage Corporation. Thank you for your time and consideration.

Respectfully submitted,

James E. Fagan, III, *pro hac vice*

cc: Christopher Naylor, pro se (via federal express)
John Leone (via federal express)
Jonathan E. Veras (via federal express)
Benjamin Yip (via federal express)
Mario Figueroa (via federal express)